NOT FOR PUBLICATION                                          (Docket Nos. 15, 16)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| ALVIN MCCANN, | : |
| Plaintiff, | : Civil No. 04-3250 (RBK) |
| v. | : **OPINION** |
| GREYHOUND LINES, INC., | : |
| Defendant. | : |

**KUGLER**, United States District Judge:

This matter comes before the Court upon motion by Defendant Greyhound Lines, Inc. ("Greyhound"), to dismiss the complaint of Plaintiff pro se Alvin McCann ("McCann") on the basis that McCann failed to file an amended complaint by March 29, 2005, as required by Order of the Honorable Joel B. Rosen, signed March 8, 2005. For the reasons set forth below, the suit is dismissed for lack of jurisdiction and Greyhound's motion is dismissed as moot.

**I.   Background**

McCann purchased a ticket to ride a Greyhound bus from Charlotte, North Carolina, to New Jersey on or around June 13, 2004. He alleges that he asked a bus driver named McNealy which bus to take, and McNealy responded in a hostile manner, preventing McCann from boarding the bus. As a result, McCann

missed the bus for which he purchased the ticket and had to wait for another bus that did not arrive until four hours later. McCann alleges that the wait exacerbated existing illnesses and violated the contract created when he bought a ticket.

McCann filed suit on July 9, 2004, asserting claims "in the amount of $79.00 in compensatory damages and $2'500.000 [sic] punitive damages for negligence."[1] This Court dismissed McCann's complaint without prejudice on February 1, 2005, for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim pursuant to Rule 12(b)(6). In so doing, this Court determined that neither McCann's complaint, nor the additional allegations provided in his opposition to Greyhound's motion to dismiss, constituted the requisite "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).

This Court also found that, even construing McCann's complaint liberally "so 'as to do substantial justice,' keeping in mind that pro se complaints in particular should be construed liberally," Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003), McCann's complaint did not state a viable federal cause of action. Because McCann asserted an insufficient amount in

---

[1] In its Opinion of February 1, 2005, this Court noted that this amount "appears to be $2,500.00," and treated it as such. McCann has raised no opposition to the Court's determination that he is requesting a total of $2,500.00 in punitive damages.

controversy to qualify for diversity jurisdiction and failed to state a claim under federal law, this Court lacked subject matter jurisdiction to entertain the suit.

McCann filed a motion for leave to amend his complaint and reinstate the case on February 8, 2005. The Honorable Joel B. Rosen granted McCann's motion on March 8, 2005; however, as of October 18, 2005, McCann has not filed an amended complaint. Greyhound moved to dismiss McCann's complaint on July 8, 2005, and McCann now asks the Court to accept his motion for leave to amend as an amended complaint.

**II. Discussion**

Because McCann's suit must be dismissed for lack of subject matter jurisdiction, regardless of whether this Court chooses to honor Plaintiff's motion for leave to amend as an amended complaint, this Court will not reach the merits of Plaintiff's request.

Unlike state courts, federal courts are forums of limited jurisdiction. See 13 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, § 3522 (2d ed. 1987)). A district court cannot preside over a case unless Congress has granted it authority. See Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365 (1978). Because McCann has failed to establish the presence of subject matter jurisdiction, this Court lacks the power to hear the case, and McCann's complaint must be dismissed.

3

Plaintiff's allegations of diversity jurisdiction are unfounded. He claims damages in the amount of $2,579.00, which are insufficient to meet the statutory requirement of a minimum amount in controversy. 28 U.S.C. § 1332(a). Additionally, he appears to allege that he is a citizen of New Jersey, (Pl.'s Opp. Mot. Dismiss ¶ 9, filed Sept. 16, 2004), but also alleges that Greyhound is incorporated in both New Jersey and North Carolina, (Pl.'s Mot. Amend Compl. ¶ 2, filed Feb. 8, 2005). Accordingly, because the plaintiff and defendant are citizens of the same state, this Court lacks diversity jurisdiction under 28 U.S.C. § 1332(a).

McCann also does not raise a federal question that would create subject matter jurisdiction under 28 U.S.C. § 1331. While McCann makes a number of arguments in support of his right to bring suit in federal court, none of these averments of jurisdiction enable this Court to serve as a forum for this case.

McCann first alleges jurisdiction based on 49 U.S.C. § 14706(d)(3). Although § 14706(d)(3) does bestow federal courts with jurisdiction over cases brought under § 14706, this section addresses only the "liability of carriers under receipts and bills of lading" and is therefore inapplicable to the present suit.

McCann also claims that as an interstate "transporter," Greyhound is a state actor, subject to the jurisdiction of the

federal courts. This argument, too, must fail as there exist no grounds for considering Greyhound a state actor. Courts treat actions by private parties, such as Greyhound, as state actions only if there is such a "close nexus between the State and challenged action" that private behavior "may be fairly treated as that of the State itself." Brentwood Acad. v. Tennessee Secondary Sch., 531 U.S. 288, 295 (2001). There is no such nexus present here, and no justification exists for finding state action in the facts alleged.

Finally, McCann claims jurisdiction on the basis that Greyhound is a business "which is severely depicted as in the public interest and any violation of the interest of the public can be heard in district court." (Pl.'s Mot. Am. Compl., filed Feb. 8, 2005, ¶ 6). Because federal courts are courts of limited jurisdiction, however, McCann's assertion is simply untrue. In the absence of diversity jurisdiction or other congressional authorization, district courts can only hear "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C.A. § 1331. This Court has no power to hear suits that are not based on federal law, unless that authority is granted in a statute by Congress. See e.g., Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982). This is true even if the public interest is at stake.

Accordingly, this Court lacks jurisdiction over the present

case and McCann's complaint must be dismissed pursuant to Federal Rule of Civil Procedure 12(h)(3).

The accompanying Order shall enter today.


Dated: 10-19-05                    s/ Robert B. Kugler
                                   ROBERT B. KUGLER
                                   United States District Judge